# CIRCUIT COURT OF MECKLENBURG COUNTY

Shawn D. Gobble

v.

Wilson R. Montalvo
and John Doe

April 1, 2008

Case No. CL 06-252

BY JUDGE WILLIAM N. ALEXANDER, II

As alleged in his complaint, plaintiff, Shawn Gobble, a Virginia State Trooper, was dispatched to aid in stopping Defendant, Wilson Montalvo, who was attempting to elude a number of pursuing county officers on westbound Route 58, a four-lane highway in Mecklenburg County. Gobble proceeded at a high rate of speed to an area in front of Montalvo, where he intended to intercept him and utilize a spike strip to disable Montalvo's vehicle. (Montalvo had already avoided two such attempts.)

With his emergency equipment activated, he accelerated his speed in an attempt to get ahead of Montalvo. He encountered John Doe driving on the wrong side of Route 58, going east in the westbound right lane. Gobble was forced to take evasive action by rapidly turning his vehicle into the left westbound lane. Gobble crashed and suffered permanent and disabling injuries. Montalvo continued the high-speed chase until he was finally taken into custody. John Doe fled the scene without stopping or identifying himself.

By a Special Plea, John Doe invokes the Fireman's Rule contending that Gobble's actions did not go beyond the ordinary duties expected of a police officer in the scope of his employment and seeks dismissal of the action against John Doe.

In considering the Special Plea, I have considered the memoranda and the cases cited. The memoranda were very thorough, to the point, and helpful.

I believe the holding and reasoning expressed in *Benefiel v. Walker*, 244 Va. 488, 494-96 (1992), are controlling. In considering whether policemen and firefighters could sue for independent acts of negligence of third parties the Supreme Court noted:

> that all the other jurisdictions that have considered the matter have excluded from the protection of the fireman's rule third parties whose negligent acts did not give rise to the emergency. . . .

*Benefiel* is a consolidation of two cases.

In the first case, a police officer had stopped a motorist for a violation, was seated in his cruiser parked behind the violator filling out a summons, and was struck in the rear by a third vehicle operated by Walker. The police officer sued Walker, who invoked the Fireman's rule and moved the court for summary judgment, which the trial court granted. The Supreme Court reversed holding that Walker's negligence was an independent act of negligence of a third party unrelated to the reason the officer stopped the violator.

In the second case, Shelton, a fireman and passenger in a fire truck operating full emergency equipment on the way to a fire, was injured when the fire truck was struck by a car operated by Overstreet. After Shelton's evidence was presented to a jury, the trial court sustained Overstreet's motion to strike the fireman's evidence on the ground that the Fireman's Rule precluded a recovery against him. The trial court granted the motion entering summary judgment for the defendant. The Supreme Court reversed holding Shelton's evidence created a jury issue and also established any negligence of Overstreet was an independent act of a third party at a place remote from the fire and unrelated to the cause of the fire.

Considering Gobble's complaint in light of *Benefiel*, I find that any act of negligence on John Doe's part is an independent act of negligence unrelated to the reason Gobble was attempting to stop Montalvo. Accordingly, the Special Plea will be denied and the complaint against John Doe will not be dismissed.